EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nadia Liz Serrano Maldonado<br><br>Recurrida<br><br>v.<br><br>Emanuel Molina Figueroa<br><br>Peticionario | Certiorari<br><br>2019 TSPR 08<br><br>201 DPR ____ |

Número del Caso:    CC-2016-944


Fecha: 15 de enero de 2019


Tribunal de Apelaciones:

          Región Judicial de San Juan y Caguas


Abogado de la parte peticionaria:

          Por derecho propio


Abogada de la parte recurrida:

          Lcda. Lilliam A. Ramos Bahamundi


Materia: Derecho de Familia – Una pensión por incapacidad que recibe un veterano debe considerarse como ingreso al momento de computar y fijar una pensión alimentaria.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nadia Liz Serrano Maldonado<br><br>Recurrida<br><br>v.<br><br>Emanuel Molina Figueroa<br><br>Peticionario | **Núm.** CC-2016-0944 |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 15 de enero de 2019

En esta ocasión, nos corresponde determinar si una pensión por incapacidad que recibe un veterano de las fuerzas armadas de Estados Unidos debe ser considerada como ingreso al momento de calcular y fijar una pensión alimentaria. Específicamente, debemos evaluar si los foros inferiores erraron al incluir dicha pensión por incapacidad en el cómputo para establecer la obligación del alimentante hacia su hija menor de edad.

**I**

El peticionario, Sr. Emanuel Molina Figueroa, contrajo matrimonio con la Sra. Nadia Liz Serrano Maldonado en el 2011 y procreó con ésta una hija. El 25 de agosto de 2014, la señora Serrano Maldonado presentó una demanda de divorcio y solicitud de pensión alimentaria para la menor ante el Tribunal de Primera Instancia. Mediante sentencia dictada el 16 de octubre de 2016, el foro primario decretó el divorcio y otorgó la custodia de la menor a la señora Serrano

Maldonado. Además, determinó que la patria potestad sería compartida, fijó las relaciones paterno-filiales y estableció una pensión alimentaria provisional de $220.00 mensuales, retroactiva a la fecha de la presentación de la demanda.

Luego de varios incidentes procesales, el 1 de junio de 2015, se celebró la vista de fijación de pensión ante la Examinadora de Pensiones Alimentarias (EPA). Luego de evaluar la prueba presentada, el 11 de mayo de 2016, la EPA rindió un informe en el cual consignó lo siguiente:

> Se consideró en cuanto al padre no custodio, el ingreso como Investigador de Querellas de Accidente en DACO, así como las deducciones mandatorias y permitidas según reflejadas en los talonarios de pago provistos. Se consideró además como ingreso mensual, la cantidad de $1,002.65 por concepto de compensación del Departamento de Asuntos de Veteranos.

*Véase* Informe del 11 de mayo de 2016.

Así las cosas, la EPA recomendó una pensión ascendente a $409.00 mensuales desde la fecha de la presentación de la demanda hasta el 30 de noviembre de 2014 y de $434.00 a partir del 2 de diciembre de 2014. Al hacer esta recomendación, la EPA concluyó que la pensión recibida por el peticionario por parte del Departamento de Asuntos del Veterano de Estados Unidos en concepto de beneficios por incapacidad no estaba exenta del cálculo de los ingresos para fijar una pensión alimentaria. Razonó que la ley federal conocida como la *Child Support Enforcement Act* (CSEA), 42 USC sec. 651 *et seq.*, no contenía una prohibición en torno a utilizar la pensión por incapacidad que recibe un veterano

como ingreso para el cálculo de la pensión alimentaria. Por ello, consideró dicha cuantía en conjunto con el salario que el peticionario recibe como Investigador del Departamento de Asuntos del Consumidor (DACO).

Mediante resolución dictada el 16 de mayo de 2016, el Tribunal de Primera Instancia acogió las recomendaciones de la EPA en su totalidad y fijó la pensión correspondiente. Inconforme con tal proceder, el peticionario acudió al Tribunal de Apelaciones, foro que confirmó la resolución recurrida. Al así proceder, el foro apelativo intermedio analizó la definición de ingresos contenida en la *Ley de sustento de menores*, 8 LPRA sec. 501(22), así como las guías promulgadas al amparo de ésta. En virtud de estas disposiciones, concluyó que la pensión por incapacidad recibida por el peticionario debía ser computada al momento de determinar los ingresos que servirían de base para la fijación de la pensión alimentaria.

Insatisfecho con ese dictamen, el 3 de octubre de 2016, el señor Molina Figueroa presentó un recurso de *certiorari* ante este Tribunal. Mediante éste, planteó como único señalamiento de error que el Tribunal de Apelaciones había errado "al no considerar las disposiciones legales y reglamentarias federales que excluyen la compensación por incapacidad otorgada por la Administración de Veteranos del cómputo para establecer una pensión alimentaria". *Certiorari*, en la pág. 4. Según arguyó, tanto la EPA como los foros inferiores erraron en su interpretación de los estatutos federales aplicables, lo que resultó en la

categorización errónea de su pensión por incapacidad como ingreso.

Específicamente, el peticionario alegó que las guías contenían una limitación respecto a ingresos recibidos en la jurisdicción federal. Según indicó, la CSEA claramente establece que, para considerar una compensación por incapacidad como ingreso, es necesario que su recipiente hubiese renunciado a la pensión por retiro o a una porción de ésta. Así, el peticionario sostuvo que, dado que él no había renunciado a dicha pensión en concepto de retiro, su pensión por incapacidad no debía ser considerada ingreso. Por tanto, reiteró que la cuantía de la pensión alimentaria era incorrecta y que no procedía el pago de la deuda retroactiva, puesto que la misma derivaba del nuevo cómputo que incluyó la pensión por incapacidad.

Mediante resolución emitida el 24 de febrero de 2017, expedimos el auto solicitado. Posteriormente, el 9 de marzo de 2017, la parte recurrida presentó su *Alegato en oposición a certiorari*. En éste, argumentó que la ley federal CSEA no prohibía que la pensión recibida por un veterano fuese incluida en el cómputo para determinar una pensión alimentaria. Aludió, además, al principio federal de la inmunidad soberana que inspiró esa legislación y el poder de los estados de reglamentar todo lo relativo a reclamos de alimentos para menores. Por tanto, sostuvo que los foros recurridos actuaron correctamente al considerar como ingreso la pensión por incapacidad al momento de realizar el cómputo para determinar la pensión alimentaria correspondiente.

Con el beneficio de la comparecencia de ambas partes y los autos originales que nos fueron remitidos por el Tribunal de Apelaciones, estamos en posición de resolver.

## II

Para examinar adecuadamente la controversia ante nuestra consideración, resulta preciso examinar las disposiciones legales y reglamentarias aplicables; en particular aquéllas relativas a lo que constituye "ingreso" al momento de calcular una pensión alimentaria en nuestra jurisdicción. En cuanto a esto, la *Ley orgánica de la Administración para el Sustento de Menores* provee la siguiente definición:

> Ingresos — Comprende cualquier ganancia, beneficio, rendimiento o fruto derivado de sueldos, jornales o compensación por servicios personales, incluyendo la retribución recibida por servicios prestados como funcionario o empleado del Estado Libre Asociado de Puerto Rico, del Gobierno de los Estados Unidos de América, el Distrito de Columbia, las Islas Vírgenes de los Estados Unidos de América, o cualquier territorio o posesión sujeta a la jurisdicción de los Estados Unidos de América, según lo permitan las leyes y reglamentos federales aplicables, de cualquier estado de la Unión de los Estados Unidos de América, o de cualquier subdivisión política de los mismos, o de cualquier agencia o instrumentalidad de cualesquiera de las mencionadas entidades en cualquiera que sea la forma en que se pagaren; o de profesiones, oficios, industrias, negocios, comercio o ventas; o de operaciones en propiedad, bien sea mueble o inmueble, que surjan de la posesión o uso del interés en tal propiedad; también los derivados de intereses, rentas, dividendos, beneficios de sociedad, valores o la operación de cualquier negocio explotado con fines de lucro o utilidad; y ganancias, beneficios, rendimientos, fondos, emolumentos o compensación derivados de cualquier procedencia, incluyendo compensaciones como contratista independiente, compensaciones por desempleo, compensaciones por incapacidad, beneficios de retiro y pensiones o cualquier otro

pago que reciba un alimentante de cualquier persona natural o jurídica.

8 LPRA sec. 501(20).

De esta definición surge claramente que, en nuestra jurisdicción, una pensión o compensación en virtud de una incapacidad sobrevenida se considera ingreso para propósitos de fijar una pensión alimentaria. Las *Guías mandatorias para computar las pensiones alimentarias en Puerto Rico* (Guías) promulgadas al amparo de esta legislación contienen una definición de ingreso idéntica a la dispuesta en la Ley.[1] No

---

[1] La definición de "ingreso" provista en las Guías es la siguiente:

> [C]ualquier ganancia monetaria, beneficio, rendimiento o fruto derivado de sueldos, jornales o compensación por servicios personales, incluyendo la retribución recibida por servicios prestados como funcionario o funcionaria o empleado o empleada del Estado Libre Asociado de Puerto Rico, del Gobierno de los Estados Unidos de América, del Distrito de Columbia, de las Islas Vírgenes de los Estados Unidos de América, o de cualquier territorio o posesión sujeta a la jurisdicción de los Estados Unidos de América según lo permitan las leyes y reglamentos federales aplicables, de cualquier estado de la Unión de los Estados Unidos de América, o de cualquier agencia o instrumentalidad de cualesquiera de las mencionadas entidades o país extranjero en cualquiera que sea la forma en que se pagaren; o de profesiones, oficios, industrias, negocios, comercio o ventas; o de operaciones en propiedad, bien sea mueble o inmueble, que surjan de la posesión o uso del interés en tal propiedad; también los derivados de intereses, rentas, dividendos, beneficios de sociedad o corporación, valores o la operación de cualquier negocio explotado con fines de lucro o utilidad; y ganancias, beneficios, rendimientos, fondos, emolumentos o compensación derivados de cualquier procedencia, compensaciones como contratista independiente, compensaciones por desempleo, compensaciones por incapacidad, beneficios de retiro y pensiones o cualquier otro pago que

obstante, las definiciones provistas en la Ley y en las Guías condicionan la consideración de ciertas cuantías como ingresos a lo que "permitan las leyes y reglamentos federales aplicables". *Id.* Es decir, tanto la *Ley de Sustento de Menores* como las Guías establecen que una compensación que se recibe en concepto de pensión por incapacidad se reputa ingreso al momento de calcular el monto de la pensión alimentaria debida, según lo permitan las leyes federales.

A nivel federal, el *Child Support Enforcement Act*, 42 USC sec. 651 *et seq.*, regula lo concerniente a la manutención de menores. Esta legislación, además, incluye un reconocimiento expreso de las soberanías estatales en todo lo atinente a las deudas por concepto de alimentos y cómo éstas pueden ser reclamadas en las cortes estatales con independencia de que el ingreso del obligado provenga de una pensión por retiro o por incapacidad provista por la Administración de Veteranos federal.

En el caso de *Rose v. Rose*, 481 US 619 (1987), el Tribunal Supremo de Estados Unidos tuvo la oportunidad de evaluar la aplicación de la doctrina de campo ocupado a aquellas leyes que regulan el Derecho de Familia en los distintos estados. En ese caso, un veterano completamente incapacitado, cuya principal fuente de ingreso era la pensión que recibía por parte de las fuerzas armadas, fue encontrado incurso en desacato por la corte estatal de

---

reciba una persona de cualquier persona natural o jurídica.

Reglamento Núm. 8529, Parte II, Artículo 7(16).

Tennessee luego de no satisfacer la pensión alimentaria debida a sus hijos. Esa pensión alimentaria había sido fijada tomando en consideración las cuantías provenientes del Seguro Social federal y de la Administración del Veterano en concepto de beneficios por incapacidad. Esto, conforme a un estatuto del estado de Tennessee que establecía que, al momento de fijar las pensiones alimentarias, debían tomarse en cuenta la capacidad de generar ingreso, las necesidades, las obligaciones y los recursos económicos de cada pariente. *Véase Rose*, 481 US en la pág. 622 (*citando a* Tenn. Code Ann. Sec. 36-5-101 (e)(3)).[2]

La Corte de Apelaciones de Tennessee confirmó el dictamen y dispuso que la intención del Congreso al fijar pensiones por incapacidad era asegurar que esos beneficios pudiesen satisfacer las necesidades del beneficiario y sus dependientes. Inconforme, el veterano acudió al Tribunal Supremo de Estados Unidos y planteó que, al tratarse de beneficios provistos al amparo de legislación federal -y conforme a la cláusula de supremacía- el único foro con jurisdicción para determinar cuál sería su uso era la Administración de Veteranos, por lo que una corte estatal

---

[2] El Tribunal Supremo federal destacó que el veterano no apeló la cuantía que la corte de Tennessee había determinado que le correspondía pagar en concepto de pensión alimentaria y que incluía la pensión por incapacidad que recibía como veterano de las fuerzas armadas. Por el contrario, el apelante en *Rose* optó por no pagar la cuantía calculada por la corte estatal y, al ser hallado incurso en desacato por su incumplimiento, arguyó que la cláusula de supremacía impedía que dichos beneficios fuesen incluidos en la fórmula para calcular la pensión alimentaria, por lo que la ley estatal era "nula". *Véase Rose*, 481 US en la pág. 623.

carecía de jurisdicción para encontrarlo incurso en desacato. En cuanto a este asunto jurisdiccional, el Tribunal Supremo concluyó que una corte estatal tenía jurisdicción para encontrar a un veterano incurso en desacato, puesto que el campo no estaba ocupado por la legislación federal. Específicamente, razonó lo siguiente:

> This jurisdictional framework finds little support in the statute and implementing regulations. Neither mentions the limited role appellant assigns the state court's child support order or the restrictions appellant seeks to impose on that court's ability to enforce such an order. The statute simply provides that disability benefits "may ... be apportioned as may be prescribed by the Administrator." 38 U.S.C. § 3107(a)(2). The regulations broadly authorize apportionment if "the veteran is not reasonably discharging his or her responsibility for the ... children's support." 38 CFR § 3.450(a)(1)(ii) (1986). In none of these provisions is there an express indication that the Administrator possesses exclusive authority to order payment of disability benefits as child support.

*Rose*, 481 US en la pág. 627.

Resuelto el asunto jurisdiccional, en el ámbito sustantivo, el Tribunal Supremo aclaró que, como norma general, la doctrina de campo ocupado no aplicará en casos que regulen relaciones domésticas propias del Derecho de Familia, como lo es la fijación y el reclamo de pensiones alimentarias. Específicamente, el máximo foro federal expresó que:

> We have consistently recognized that 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States[…]. 'On the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination whether Congress has

> "positively required by direct enactment" that
> state law be pre-empted.' […]. Before a state law
> governing domestic relations will be overridden,
> it 'must do "mayor damage to "clear and
> substantial" federal interests.'

*Id.* en la pág. 625 (citas omitidas).

De lo anterior se colige que, para que opere la doctrina de campo ocupado, será necesario que el gobierno federal expresamente establezca que el campo estará ocupado por la legislación federal en un asunto en particular de las relaciones interfamiliares. En su análisis, el Tribunal Supremo evaluó distintas disposiciones de la ley federal en aras de determinar si éstas tenían el efecto de desplazar la legislación estatal. En cuanto a la sección 3101 (a) del Título 38, que excluye de embargo o retención en un proceso legal cualquier cuantía recibida como pago de beneficios por parte de la Administración del Veterano, el foro federal evaluó la naturaleza de estos beneficios, así como la intención legislativa al proveerlos y concluyó lo siguiente:

> As we have demonstrated, these benefits are
> intended to support not only the veteran, **but the
> veteran's family as well.** Recognizing an exception
> to the application of § 3101(a)'s prohibition
> against attachment, levy, or seizure in this
> context would further, not undermine, the federal
> purpose in providing these benefits. Therefore,
> regardless of the merit of the distinction between
> the moral imperative of family support obligations
> and the businesslike justifications for community
> property division, **we conclude that § 3101(a) does
> not extend to protect a veteran's disability
> benefits from seizure where the veteran invokes
> that provision to avoid an otherwise valid order
> of child support.**

*Id.* en la pág. 634 (énfasis nuestro).

De otra parte, el Tribunal Supremo también examinó las secciones 659 (a) y 662 (f) (2) del CSEA, que, según arguyó el peticionario en *Rose*, exceptuaban de cualquier proceso legal -incluyendo un embargo- los beneficios por incapacidad que recibía un veterano de las fuerzas armadas mientras éstos se encontraran en posesión de la agencia federal. Al disponer de este argumento, el Tribunal Supremo de Estados Unidos pautó lo siguiente:

> But §659(a) does not refer to *any* legal process. The provision was intended to create a limited waiver of sovereign immunity so that state courts could issue valid orders directed against agencies of the United States Government attaching funds in the possession of those agencies.
>
>                          . . .
>
> Waivers of sovereign immunity are strictly construed, and we find no indication in the statute that a state-court order of contempt issued against *an individual* is precluded where the individual's income happens to be composed of veterans' disability benefits. In this context, the Veterans' Administration is not made a party to the action, and the state court issues no order directing the Administrator to pay benefits to anyone other than the veteran. Thus, while it may be true that these funds are exempt from garnishment or attachment while in the hands of the Administrator, we are not persuaded that once these funds are delivered to the veteran a state court cannot require that veteran to use them to satisfy an order of child support.

*Rose*, 481 US en la pág. 635.

Queda claro, pues, que en el ámbito del Derecho de Familia, como norma general, la cláusula de supremacía de la Constitución federal no desplaza la soberanía que se le reconoce a los estados para regular las relaciones domésticas interfamiliares. En *Rose*, el máximo foro federal

justamente determinó que ninguna de las disposiciones federales a las que aludió el veterano peticionario estaban en conflicto con la ley del estado de Tennessee que permitía que dichas cuantías fuesen utilizadas para determinar la pensión alimentaria debida y, ante el incumplimiento con esa obligación, autorizaba a las cortes estatales a emitir las órdenes de desacato correspondientes.

A pesar de lo decidido por el máximo foro federal en *Rose*, el señor Molina Figueroa arguye que ese dictamen no es de aplicación al presente caso. Según alega, su alcance se limita a aquellos casos en los que el veterano "solo tiene como fuentes de ingreso los beneficios del seguro social y de veteranos". *Certiorari*, en la pág. 13. Así, sostiene que el Tribunal Supremo federal en *Rose* no consideró la legislación federal aplicable a un veterano que tiene otras fuentes de ingreso y que no ha renunciado a la pensión de retiro de las fuerzas armadas. Para apoyar su contención sobre la aplicabilidad de la doctrina de campo ocupado, el peticionario hace referencia a distintas secciones del CSEA y del Code of Federal Regulations (CFR). No le asiste la razón. Veamos.

### III

### A.

Como cuestión de umbral, la sección 659(a) del CSEA que fue analizada en *Rose v. Rose* reconoce la autoridad de los estados, sus agencias y organismos gubernamentales de retener dinero a quienes reciban cuantías provenientes del gobierno federal para asegurar el cumplimiento con la

obligación de proveer alimentos. La referida sección establece ese consentimiento del gobierno federal de la siguiente manera:

> (a) Consent to Support Enforcement
> Notwithstanding any other provision of law (including section 407 of this title and section 5301 of title 38), effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the Armed Forces of the United States, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding in accordance with State law enacted pursuant to subsections (a)(1) and (b) of section 666 of this title and regulations of the Secretary under such subsections, and to any other legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.[3]

42 USCA sec. 659 (a).

Ahora bien, la sección 659(h) del CSEA enumera las cuantías que estarán sujetas a procesos legales de retención

---

[3] Resulta preciso destacar que esta disposición constituye una excepción a la prohibición de embargo o "anti garnishment" de los beneficios que reciben los veteranos de las fuerzas armadas, según contenida en la sección 3101 (a) del Título 38:

> Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

38 USC sec. 3101.

o embargo, incluyendo la remuneración que recibe un individuo por su empleo y beneficios periódicos relacionados a éste, entre otros. Asimismo, la sección 659(h) establece que aquellas cuantías recibidas como compensación por una incapacidad sobrevenida como consecuencia del servicio en las fuerzas armadas también estarán sujetas a retención. No obstante, condiciona esa retención a que el beneficiario de la compensación por incapacidad haya renunciado a una porción de su pensión de retiro para poder recibir la misma. Véase 42 USCA sec. 659 (h)(1)(A)(ii)(V). ("by the Secretary of Veterans Affairs as compensation for a service-connected disability paid by the Secretary to a former member of the Armed Forces who is in receipt of retired or retainer pay **if the former member has waived a portion of the retired or retainer pay in order to receive such compensation**")(énfasis suplido).

**B.**

Según se adelantó, el peticionario alega que esta disposición que condiciona la retención de la compensación por incapacidad a la renuncia a una porción de la pensión a la que tendría derecho por retiro evidencia que la pensión por incapacidad que recibe de las fuerzas armadas no debe ser calculada al momento de fijar la pensión alimenticia. Además, el peticionario arguye que la sección 581.03 del *Code of Federal Regulations*, 5 CFR sec. 581.103, titulada *Moneys which are subject to garnishment*, también requiere que el beneficiario haya renunciado a una porción de la pensión por retiro para que los beneficios por incapacidad

que reciba estén sujetos a la retención que autoriza el CSEA.[4]

Es decir, hay una presunción de que dichos fondos no estarán sujetos a procesos legales mientras permanezcan en las arcas de la agencia correspondiente. Sin embargo, nada de lo anterior sugiere un impedimento para que una vez el dinero sea desembolsado al veterano -en calidad de pensión por años de servicio o en calidad de compensación por incapacidad- los foros pertinentes puedan considerar la partida como ingreso, y además, emplear los procedimientos legales necesarios para ejecutar una orden de pensión alimentaria.

Por último, el peticionario alude a una Opinión suscrita por el ex Subprocurador General de Estados Unidos, John O. McGinnis que, según sostiene, reafirma la imposibilidad de incluir la pensión por incapacidad que recibe en el cálculo para fijar la pensión alimentaria. Según expone, esta Opinión versa sobre una consulta respecto a la

---

[4] Esta sección contiene la siguiente excepción:

> (7) Any payment by the Secretary of Veterans Affairs as compensation for a service-connected disability paid by the Secretary to a former member of the Armed Forces who is in receipt of retired or retainer pay if the former member has waived either the entire amount or a portion of the retired or retainer pay in order to receive such compensation. In such cases, only that part of the Department of Veterans Affairs payment that is in lieu of the waived retired pay or waived retainer pay is subject to garnishment.

5 CFR sec. 581.103 (c)(7).

aplicabilidad de la prohibición de retener o embargar los beneficios por incapacidad cuando el veterano de las fuerzas armadas ha renunciado a la totalidad –y no meramente a una porción– de su pensión de retiro, según lo requieren las disposiciones precitadas. El Subprocurador General concluye que no hace diferencia si se trata de una renuncia total o parcial, puesto que la intención legislativa **nunca fue eximir a un veterano de su obligación de pagar pensión alimentaria por razón de que su compensación por incapacidad fuera mayor que su pensión por retiro.**

Esto es, el requisito de que el veterano haya renunciado a la totalidad o parte de su pensión de retiro para que los beneficios por incapacidad que recibe puedan ser retenidos o embargados se fundamenta únicamente en que esa renuncia implicaría que los beneficios por incapacidad tienen el efecto de **sustituir** los beneficios que recibiría por razón de su retiro y, por tanto, éstos sí serían embargables. *Véase* Memorandum Opinion for the General Counsel, Department of Veteran Affairs, December 19, 1989 ("Congress permitted garnishment in these circumstances because it recognized that a veteran waiving retired pay to obtain DVA compensation is merely substituting one form of income for another, and that the latter income should thus be subject to garnishment to the same extent as the former.").

## C.

Ciertamente, la referencia que hace el peticionario a esta disposición legislativa se hace en abstracción de la intención legislativa que la subyace y los criterios que

rigen el recibo de beneficios por incapacidad para los veteranos de las fuerzas armadas. Conviene señalar que el requisito de renuncia se fundamenta en la prohibición de doble compensación estatuida en la Sección 5304 del Título 38. *Véase* 38 USC sec. 5304 (a)(1) ("Except as provided in section 1414 of title 10 or to the extent that retirement pay is waived under other provisions of law, not more than one award of pension, compensation, emergency officers', regular, or reserve retirement pay, or initial award of naval pension granted after July 13, 1943, shall be made concurrently to any person based on such person's own service or concurrently to any person based on the service of any other person."). A tenor con esto, la Sección 5305 del mismo título regula lo relativo a la renuncia a la pensión de retiro cuando el veterano también tiene derecho a otro tipo de compensación o beneficio. *Véase id.* sec. 5305.[5]

En el presente caso, sin embargo, el asunto de la renuncia a la pensión por retiro como requisito para recibir beneficios por incapacidad es completamente irrelevante. Ello, puesto que el señor Molina Figueroa no recibe pensión por retiro, no porque haya renunciado a ella, -lo que evidentemente derrotaría su pretensión- sino porque no tiene derecho a recibirla. En atención a ello, su argumento con relación a cómo los beneficios por incapacidad sólo estarían

---

[5] En el año 2003, el Congreso federal aprobó legislación efectiva el 1 de enero de 2004 para permitir el recibo concurrente de ambos beneficios para ciertos individuos que se hubiesen retirado de las fuerzas armadas. *Véase* 10 USC sec. 1414.

sujeto a embargo o retención si media una renuncia a la pensión por retiro es completamente inmeritorio y raya en la frivolidad.

## IV

Como se adelantó, el único señalamiento de error del peticionario estriba en la improcedencia de fijar una pensión alimentaria incluyendo la pensión que recibe por incapacidad en el cálculo. En esencia, sus argumentos se fundamentan en una interpretación errónea y sumamente acomodaticia de la legislación federal y su jurisprudencia interpretativa. Un examen de los incisos de las distintas leyes federales citadas por el peticionario devela que éstas **no establecen una prohibición para que se considere como ingreso la compensación que éste recibe por parte de la Administración de Veteranos en concepto de beneficios por incapacidad.** En su mayoría, las disposiciones legales que cita el peticionario se refieren a las limitaciones e impedimentos que existen respecto a la posibilidad de asignar, retener o embargar este tipo de compensación. Es decir, una prohibición federal de embargar esos beneficios no es óbice para que éstos sean considerados como ingreso al momento de fijar la pensión alimentaria debida a un menor.

Aún si se considerara que el peticionario no ha renunciado a su pensión por retiro y, por tanto, los beneficios que recibe no deben estar sujetos a asignación o embargo conforme a lo dispuesto en la sección 659(h) del CSEA, su señalamiento de error sería igualmente inmeritorio. Ello es así porque la inclusión de los beneficios por

incapacidad que recibe el señor Molina Figueroa en la fórmula para fijar la pensión alimentaria que está obligado a satisfacer a favor de su hija menor de edad no constituye, bajo ningún concepto, un embargo, una asignación o una retención.

En cuanto a lo decidido por el Tribunal Supremo de Estados Unidos en *Rose v. Rose*, el peticionario arguye que dicho caso es distinguible puesto que el veterano en ese caso únicamente recibía beneficios por incapacidad. Según arguye, la distinción estriba en que -en su caso- él recibe un ingreso como Investigador en DACO además de la pensión por incapacidad. Por ello, insiste en que únicamente ese salario que recibe como empleado gubernamental debía considerarse como ingreso al momento de fijar la pensión. Al margen de lo irrazonable que resulta ser esta aserción, la misma no toma en cuenta el propósito de los beneficios que recibe por razón de su incapacidad.

Una evaluación del historial legislativo asociado al Título 38 del Código de Estados Unidos, según examinado por el Tribunal Supremo federal en *Rose v. Rose*, revela que la pensión para veteranos incapacitados tiene como propósito proveer una compensación razonable y adecuada a los veteranos y **sus familias**. A tenor con este propósito, nuestras Guías contemplan aquellos casos en los que un alimentante no recibe un salario que pueda utilizarse como base al momento de fijar una pensión. A esos efectos, se establece que, cuando la persona custodia o no custodia demuestre que no puede trabajar porque su incapacidad se lo

impide, "se considerará como ingreso la cantidad, si alguna, que reciba por concepto de beneficios por incapacidad y cualquier otro ingreso que se demuestre tenga". Guías, Art. 11(1)(a).

Conforme a la legislación federal, los beneficios que reciben los veteranos, incluyendo cualquier compensación por incapacidad, estarán exentos de impuestos, del reclamo de acreedores, así como de embargos al amparo de ciertos procesos legales. Estas exenciones no sugieren, como sostiene el peticionario, que la intención del Congreso de Estados Unidos fue ocupar el campo para exceptuar esas cuantías de cualquier definición de ingreso y excluirlas del cálculo para fijar una pensión alimentaria en todas las jurisdicciones estatales. Después de todo, los familiares del veterano, particularmente sus dependientes menores de edad, no son acreedores particulares o gubernamentales ordinarios, sino sujetos revestidos de protecciones especiales como la que representa el derecho a reclamar alimentos que, a su vez, emana del derecho a la vida protegido por nuestra Constitución. Véase *Fonseca Zayas v. Rodríguez Meléndez*, 180 DPR 623, 632 (2011).

Como vimos, la definición de ingreso provista en la *Ley orgánica de la Administración para el Sustento de Menores* y en las Guías promulgadas al amparo de esa legislación claramente incluye la pensión por incapacidad que recibe un alimentante. Esta inclusión no está en conflicto con ninguna legislación federal. Si bien -como norma general- los beneficios por incapacidad que recibe un veterano no están

sujetos a retención o embargo, la calificación de esa cuantía como ingreso en nuestra jurisdicción no incide en esa prohibición federal.

**V**

En virtud de lo anterior, resulta forzoso concluir que la cuantía de dinero que recibe un veterano en concepto de pensión por incapacidad debe considerarse como ingreso al momento de fijar y computar una pensión alimentaria. Por tal razón, actuaron correctamente los foros recurridos al incluir la pensión por incapacidad que recibe el señor Molina Figueroa en el cálculo y fijar la pensión correspondiente. Consiguientemente, se confirma el dictamen del Tribunal de Apelaciones y se ordena al peticionario el pago de la pensión alimentaria asignada, incluyendo las partidas en concepto de deuda retroactiva.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Nadia Liz Serrano Maldonado<br><br>Recurrida<br><br>v.<br><br>Emanuel Molina Figueroa<br><br>Peticionario | **Núm.** CC-2016-0944 | |

SENTENCIA

San Juan, Puerto Rico, a 15 de enero de 2019

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se confirma el dictamen del Tribunal de Apelaciones y se ordena al peticionario el pago de la pensión alimentaria asignada, incluyendo las partidas en concepto de deuda retroactiva.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García no intervinieron.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo